SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMANATHAN PADMANABHAN, | No. C 07-5358 JSW |
| Plaintiff, | |
| v. | **ANSWER** |
| MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security; United States Citizenship and Immigration Services, U.S. Department of Homeland Security; EMILIO T. GONZALEZ, as Director of U.S. Citizenship and Immigration Services; CHRISTINA POULOS, Director, California Service Center (CSC), U.S. Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center (NSC), U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, III, as Director of the Federal Bureau of Investigation; PETER D. KEISLER, Acting Attorney General of the United States, U.S. Department of Justice, | |
| Defendants. | |

The Defendants hereby submit their answer to Plaintiff's Complaint for Declaratory Mandamus and Injunctive Relief.

**PRELIMINARY STATEMENT**

1. Paragraph One consists of plaintiff's characterization of this action, to which no responsive

ANSWER
C 07-5358 JSW                                    1

1  pleading is required; however, to the extent a responsive pleading is necessary, defendants deny
2  the allegation that they have improperly withheld action on the application for adjustment of status
3  to plaintiff's detriment.
4      2. Defendants admit the allegation that Plaintiff filed his adjustment of status application on
5  April 13, 2004. The remaining allegations consists of plaintiff's characterization of this action, to
6  which no responsive pleading is required.

## JURISDICTION

8      3. Paragraph Three consists of Plaintiff's allegations regarding jurisdiction, to which no
9  responsive pleading is required; however, to the extent a responsive pleading is deemed necessary,
10  Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph
11  Three.
12      4. Paragraph Four consists of Plaintiff's characterization of this action for which no answer is
13  necessary; however, to the extent a response is deemed to be required, Defendants deny the
14  allegations in Paragraph Four.

## VENUE and INTRADISTRICT ASSIGNMENT

16      5. Defendants admit the allegations in Paragraph Five.
17      6. Defendants admit the allegations in Paragraph Six.

## PARTIES

19      7. Defendants admit that Plaintiff is a native and citizen of India, and that he filed an I-140
20  petition on February 19, 2004 which was approved on March 23, 2005. Defendants are without
21  sufficient information to admit or deny the remaining allegations in this paragraph.
22      8. Defendants admit the allegations in Paragraph Eight.
23      9. Defendants admit the allegations in Paragraph Nine.
24      10. Defendants admit the allegations in Paragraph Ten.
25      11. Defendants admit the allegations in Paragraph Eleven.
26      12. Defendants admit the allegations in Paragraph Twelve.
27      13. Defendants admit the allegations in Paragraph Thirteen.
28      14. Defendants admit the allegations in Paragraph Fourteen with the exception that Michael B.

ANSWER
C 07-5358 JSW                                2

Mukasey is the United States Attorney General.

## STATEMENT OF FACTS

15. The priority date for the I-140 petition filed on Plaintiff's behalf is April 24, 2001.

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants deny the allegation in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen, although USCIS records indicate the file was transferred on March 2, 2007.

20. Defendants admit the allegations in Paragraph Twenty, although any public information refers to routine cases within USCIS control, not cases with pending FBI name checks.

21. Defendants admit the allegations in Paragraph Twenty-One.

22. Defendants admit the allegations in Paragraph Twenty-Two.

23. Defendants admit the allegations in Paragraph Twenty-Three.

24. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Four.

25. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Five.

26. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Six.

27. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Seven.

28. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Eight.

29. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Nine.

30. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Thirty.

31. Defendants are without sufficient information or knowledge to either admit or deny the

1  allegations in Paragraph Thirty-One.

2      32. Defendants are without sufficient information or knowledge to either admit or deny the
3  allegations in Paragraph Thirty-Two.

4      33. Defendants are without sufficient information or knowledge to either admit or deny the
5  allegations in Paragraph Thirty-Three.

6      34. Defendants are without sufficient information or knowledge to either admit or deny the
7  allegations in Paragraph Thirty-Four.

8      35. Defendants are without sufficient information or knowledge to either admit or deny the
9  allegations in Paragraph Thirty-Five.

10     36. Defendants are without sufficient information or knowledge to either admit or deny the
11 allegations in Paragraph Thirty-Six.

12     37. Defendants are without sufficient information or knowledge to either admit or deny the
13 allegations in Paragraph Thirty-Seven.

14     38. Defendants are without sufficient information or knowledge to either admit or deny the
15 allegations in Paragraph Thirty-Eight.

16     39. Defendants are without sufficient information or knowledge to either admit or deny the
17 allegations in Paragraph Thirty-Nine.

18     40. Defendants are without sufficient information or knowledge to either admit or deny the
19 allegations in Paragraph Forty.

20 **INJURY TO PLAINTIFF**

21     41. Defendants admit the first sentence in Paragraph Forty-One; however, Defendants are
22 without sufficient information to admit or deny the remaining allegations.

23     42. Defendants are without sufficient information or knowledge to either admit or deny the
24 allegations in Paragraph Forty-Two.

25     43. Defendants are without sufficient information or knowledge to either admit or deny the
26 allegations in Paragraph Forty-Three.

27     44. Defendants admit the requirement of work permits and travel documents and the
28 associated fees; however, Defendants are without sufficient information or knowledge to either

ANSWER
C 07-5358 JSW                        4

admit or deny the remaining allegations.

45. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Forty-Five.

46. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Forty-Six.

47. Paragraph Forty-Seven consists of Plaintiff's characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Forty-Seven.

48. Defendants deny the allegations in Paragraph Forty-Eight.

**GROUNDS FOR RELIEF**

49. Defendants admit the first sentence in Paragraph Forty-Nine; however, Defendants deny the remaining allegations in this paragraph.

50. Defendants deny the allegations in Paragraph Fifty.

51. Defendants admit the allegations in Paragraph Fifty-One.

52. Paragraph Fifty-Two of Plaintiff's conclusions of law for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Fifty-Two.

53. Defendants admit the allegations in Paragraph Fifty-Three.

54. Defendants admit the allegations in Paragraph Fifty-Four.

55. Defendants admit the allegations in Paragraph Fifty-Five.

56. Defendants deny the allegations in Paragraph Fifty-Six.

57. Defendants admit the allegations in Paragraph Fifty-Seven.

58. Defendants deny the allegations in Paragraph Fifty-Eight.

59. Defendants deny the allegations in Paragraph Fifty-Nine.

60. Defendants admit the allegations in Paragraph Sixty.

61. Defendants admit the allegations in Paragraph Sixty-One.

## CAUSES OF ACTION

### COUNT I

62. Defendants incorporates its responses made above as if set forth fully herein.

63. Defendants admit the allegations in Paragraph Sixty-Three.

64. Defendants deny the allegations in Paragraph Sixty-Four.

65. Defendants deny the allegations in Paragraph Sixty-Five.

66. Defendants deny the allegations in Paragraph Sixty-Six.

67. Defendants are without sufficient information to admit or deny the allegations in Paragraph Sixty-Seven.

68. Defendants are without sufficient information to admit or deny the allegations in Paragraph Sixty-Eight.

69. Defendants deny the allegations in Paragraph Sixty-Nine.

### COUNT II

70. Defendants incorporates its responses made above as if set forth fully herein.

71. Defendants deny the allegations in Paragraph Seventy-One.

### COUNT III

72. Defendants incorporates its responses made above as if set forth fully herein.

73. Defendants admit the first and second sentences in Paragraph Seventy-Three; however, Defendants deny the remaining allegations in this paragraph.

74. Defendants deny the allegations in Paragraph Seventy-Four.

75. Defendants deny the allegations in Paragraph Seventy-Five.

### COUNT IV

76. Defendants incorporates its responses made above as if set forth fully herein.

77. Defendants deny the allegations in Paragraph Seventy-Seven.

78. Defendants deny the allegations in Paragraph Seventy-Eight.

79. Defendants deny the allegations in Paragraph Seventy-Nine.

### COUNT V

80. Defendants incorporates its responses made above as if set forth fully herein.

81. Defendants deny the allegations in Paragraph Eighty-One.

82. Defendants deny the allegations in Paragraph Eighty-Two.

### COUNT VI

83. Defendants admit the allegations in Paragraph Eighty-Three.

84. Defendants are without sufficient information to admit or deny the allegations in Paragraph Eighty-Four.

### PRAYER FOR RELIEF

The remaining paragraphs consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The court should dismiss the Complaint for lack for subject matter jurisdiction.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: December 21, 2007                    Respectfully submitted,

                                            SCOTT N. SCHOOLS
                                            United States Attorney


                                              /s/
                                            EDWARD A. OLSEN
                                            Assistant United States Attorney
                                            Attorneys for Defendants