JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6915
   FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMANATHAN PADMANABHAN, ) | No. C 07-5358 JSW |
|           Plaintiff, ) | |
| v. ) | **JOINT CASE MANAGEMENT STATEMENT** |
| MICHAEL CHERTOFF, as Secretary of the ) Department of Homeland Security; ) UNITED STATES CITIZENSHIP AND ) IMMIGRATION SERVICES, U.S. Department ) of Homeland Security; DR. EMILIO T. ) GONZALEZ, as Director of U.S. ) Citizenship and Immigration Services; ) CHRISTINA POULOS, Director, California ) Service Center (CSC), U.S. Citizenship and ) Immigration Services; ) GERARD HEINAUER, Director, Nebraska ) Service Center (NSC), U.S. Citizenship and ) Immigration Services; ) ROBERT S. MUELLER, III, as Director of the ) Federal Bureau of Investigation; THE ) FEDERAL BUREAU OF INVESTIGATION, ) U.S. Department of Justice; ) PETER D. KEISLER, Acting Attorney General ) of the United States, U.S. Department of Justice, ) )           Defendants. ) ) | Date: January 25, 2008 Time: 1:30 p.m. |

**1. Jurisdiction and Service**

The basis asserted by plaintiff for this Court's jurisdiction is 28 U.S.C. § 1331, 28 U.S.C. § 1361, 28 U.S.C. § 1651, 5 U.S.C. § 551 *et seq.*, 5 U.S.C. § 702, 28 U.S.C. § 2201, 28 U.S.C. §

JOINT CASE MANAGEMENT STATEMENT
C 07-5358 JSW                                      1

2202.  The defendants contend that this Court lacks jurisdiction over the action under any of the provisions cited by the plaintiff.  The parties do not dispute that venue is proper in this district.  No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

## 2. Facts

The plaintiff is a native and citizen of India who has been legally working in the United States since 1997.  The parties do not dispute that Plaintiff filed a Form I-485 application to adjust his status to lawful permanent resident with the United States Citizenship and Immigration Services (USCIS) on or about April 8, 2004.  That application is still pending with USCIS because the FBI has not yet completed the plaintiff's Name Check.  The FBI Name Check for the plaintiff was initiated by the USCIS on or about April 20, 2004, and is still pending.  Plaintiff filed this action on October 19, 2007, seeking an order from the Court directing defendant FBI to complete his name check and remaining defendants to adjudicate plaintiff's Form I-485 application to adjust status.

## 3. Legal Issues

Whether this Court has subject matter jurisdiction over the plaintiff's action.

If the Court has subject matter jurisdiction, whether the plaintiff's I-485 application is being processed within a reasonable period of time or are in violation of the Administrative Procedure Act.

## 4. Motions

The parties will file cross-motions for summary judgment to resolve this case.

## 5. Amendment of Pleadings

Plaintiff intends to seek leave to file a First Amended Complaint to join the Secretary of the Department of State and the Department of State as co-defendants in accordance with Fed. R. Civ. P. 15.  Plaintiff has not yet determined whether any further claims will be necessary or appropriate.

## 6. Evidence Preservation

The parties do not have any evidence that falls within this category.

## 7. Disclosures

The parties believe that, because this is a mandamus case seeking an order directing the

1 defendants to complete the necessary steps to complete adjudication of a Form I-485 application,

2 the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply to this case.

3 **8. Discovery**

4 The plaintiff intends to propound discovery through interrogatories and request for production

5 of documents and requests for admissions related to plaintiff's Form I-485 application and FBI

6 Name Check to establish evidence in the Court for the reasons for the delay in processing under

7 Fed. R. Civ. P. 33 and 34, and 36.

8 The defendants do not believe that discovery is appropriate in this case as it will not lead to

9 evidence that will help plaintiff establish that he is entitled to an order directing adjudication of his

10 Form I-485 application.

11 If the Court permits discovery, the parties propose a discovery cut-off date of April 7, 2008.

12 **9. Class Actions**

13 N/A

14 **10. Related Cases**

15 The parties are not aware of any related case or cases.

16 **11. Relief**

17 The plaintiff asks this Court to direct defendants to complete all the steps required by

18 defendants to adjudicate plaintiff's I-485 application and adjudicate his I-485 application

19 expeditiously and within a reasonable period of time.

20 **12. Settlement and ADR**

21 The parties have asked this Court to be exempt from the formal ADR process.

22 **13. Consent to Magistrate Judge for All Purposes**

23 The parties will consent to the assignment of this case to a magistrate judge.

24 **14. Other References**:

25 The parties do not believe that this case is suitable for reference to binding arbitration, a

26 special master, or the Judicial Panel on Multidistrict Litigation.

27 **15. Narrowing of Issues**

28 The parties do not believe that the issues can be narrowed by agreement or by motion, and do

1 | not have suggestions to expedite the presentation of evidence at trial (e.g., through summaries or
2 | stipulated facts), and any request to bifurcate issues, claims or defenses.

**16. Expedited Schedule**

The parties believe this case can be resolved on motion(s).

**17. Scheduling**

The parties propose the following schedule on their cross-motions for summary judgment with the Court:

| | |
|---|---|
| Cross-Motions for Summary Judgment: | April 21, 2008 |
| Cross-Oppositions: | May 5, 2008 |
| Hearing: | June 6, 2008 at 9:00 a.m. |

**18. Trial**

The parties do not anticipate the need for a trial in this case.

**19. Disclosure of Non-Party Interested Entities or Persons**:

The defendants believe they are exempt from this requirement because they are federal governmental entities or federal officers. Plaintiff is not aware of any.

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

None.

///
///
///
///
///
///
///
///
///

JOINT CASE MANAGEMENT STATEMENT
C 07-5358 JSW                    4

1 | Dated: January 18, 2008

*R. Padmanabhan* (signature)

RAMANATHAN PADMANABHAN
Pro Se

5 | Dated: January 18, 2008

(signature)

EDWARD A. OLSEN
Assistant United States Attorney
Attorney for Defendants

## ORDER

The Case Management Statement and Proposed Order are hereby adopted as the Case Management Order for the case and the parties are hereby ordered to comply with this order.

Dated: January ___, 2008

JEFFREY S. WHITE
United States District Judge

JOINT CASE MANAGEMENT STATEMENT
C 07-5358 JSW                     5