1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Chief, Civil Division
3  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
4
      450 Golden Gate Avenue, Box 36055
5     San Francisco, California 94102
      Telephone: (415) 436-6915
6     FAX: (415) 436-6927

7  Attorneys for Defendants

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  RAMANATHAN PADMANABHAN,              )
                                         )   No. C 07-5358 JCS
              Plaintiff,                  )
13                                        )
         v.                               )   **JOINT CASE MANAGEMENT
14                                        )   STATEMENT**
   MICHAEL CHERTOFF, as Secretary of the )
15  Department of Homeland Security;      )
   UNITED STATES CITIZENSHIP AND          )   Date:  March 7, 2008
16  IMMIGRATION SERVICES, U.S. Department )   Time:  1:30 p.m.
   of Homeland Security; DR. EMILIO T.    )
17  GONZALEZ, as Director of U.S.         )
   Citizenship and Immigration Services;  )
18  CHRISTINA POULOS, Director, California )
   Service Center (CSC), U.S. Citizenship and )
19  Immigration Services;                 )
   GERARD HEINAUER, Director, Nebraska    )
20  Service Center (NSC), U.S. Citizenship and )
   Immigration Services;                  )
21  ROBERT S. MUELLER, III, as Director of the )
   Federal Bureau of Investigation; THE   )
22  FEDERAL BUREAU OF INVESTIGATION,      )
   U.S. Department of Justice;            )
23  PETER D. KEISLER, Acting Attorney General )
   of the United States, U.S. Department of Justice, )
24                                        )
              Defendants.                  )
25  _____  )

26  **1.  Jurisdiction and Service**

27       The basis asserted by plaintiff for this Court's jurisdiction is 28 U.S.C. § 1331, 28 U.S.C. §

28  1361, 28 U.S.C. § 16515 U.S.C. § 551 *et seq.*, 5 U.S.C. § 701, 28 U.S.C. § 2201, 28 U.S.C. §

JOINT CASE MANAGEMENT STATEMENT
C 07-5358 JCS                           1

1  2202, and 8 U.S.C. § 1152 (as amended by the American Competitiveness in the Twenty-First

2  Century Section 104(a)).  The defendants contend that this Court lacks jurisdiction over the action

3  under any of the provisions cited by the plaintiff.  The parties do not dispute that venue is proper

4  in this district.  No issues exist regarding personal jurisdiction or venue, and no parties remain to

5  be served.

6  **2. Facts**

7  The plaintiff is a native and citizen of India who has been working in the United States since

8  1997.  He filed an employment-based  Form I-485 application to adjust his status to lawful

9  permanent resident with the United States Citizenship and Immigration Services (USCIS) on or

10  about April 8, 2004.  The application is pending with USCIS.  The FBI has not yet completed the

11  plaintiff's name check.  Based on the current visa bulletin for March 2008 issued by the

12  Department of State, a visa number is not available for plaintiff's employment-based category.  A

13  visa number had been available while the I-485 application was pending and was available when

14  the plaintiff filed this lawsuit.  Visa bulletins are published monthly by the Department of State.

15  Plaintiff filed an action on October 19, 2007, seeking an order from the Court directing

16  defendants to adjudicate plaintiff's Form I-485 application to adjust status.

17  On February 4, 2008, USCIS changed its policy regarding delayed I-485 applications.  The

18  attached memo provides that all I-485 applications that have been pending for more than 180 days

19  will be reviewed.  If during this review period it appears that the applicant is eligible "but for" the

20  pending FBI name check, the application will be processed.

21  Th plaintiff is also a beneficiary of an I-485 application he filed on or about February 14, 2008,

22  based on an immigrant visa application filed by his spouse, a United States citizen.  A visa number

23  available for this application.

24  **3. Legal Issues**

25  Defendants' Statement of the Issues

26  Whether this Court has subject matter jurisdiction over the plaintiff's action.

27  If the Court has subject matter jurisdiction, whether USCIS is processing the plaintiff's I-485

28  application within a reasonable period of time.

JOINT CASE MANAGEMENT STATEMENT
C 07-5358 JCS                                          2

1    Plaintiff's Statement of the Issues

2    Courts in this district and other districts have consistently found that the duty to process and

3    decide adjustment applications is not discretionary and courts have subject matter jurisdiction over

4    the delays.  The argument, if used by the defendants, would eviscerate § 701 of the APA which

5    clearly gives the Court the power to "compel agency action . . . unreasonably delayed."

6    Defendants' position is not consistent with recent decisions in this district that have ruled that,

7    "under normal circumstances, a delay of approximately two years due to an uncompleted FBI

8    background check is unreasonable as a matter of law."

9    *See Dong v. Chertoff*, 513 F. Supp. 2d 1158 (N.D. Cal. 2007) (granting summary judgment for

10   plaintiffs whose adjustment applications had been pending for almost two years).

11   *Ying He v. Gonzales*, No. 07-2765-HRL, 2007 WL 4259453 (N.D. Cal. Dec. 4, 2007) (granting

12   summary judgment for plaintiff whose adjustment application had been pending for two and a half

13   years).

14   *Shaikh v. Gonzales*, No. 07-0506-MEJ, 2007 WL 4259410 (N.D. Cal. Dec. 3, 2007) (granting

15   summary judgment for plaintiff whose adjustment application had been pending for two years).

16   Whether USCIS should acquire a visa number to adjudicate plaintiff's case and should be

17   estopped from using its own wrongdoing for its own unfair advantage by claiming that a visa

18   number does not exist for adjudication.  The plaintiff's position is that visa numbers for plaintiff's

19   category have been available almost 80 percent of the time since plaintiff filed his I-485

20   application with USCIS and when this lawsuit was filed and the defendants filed their first

21   responsive pleading and that defendants are using their own wrongdoing to deny plaintiff's rights,

22   thereby frustrating congressional intent on immigration and naturalization.

23   Whether an unused visa number exists and whether the Immigration and Nationality Act , as

24   amended by the American Competitiveness in the Twenty-First Century Act, Section 104(a)

25   (commonly known as the AC 21 Act) allows the USCIS to borrow an unused visa number to

26   adjudicate plaintiff's application.

27   Whether USCIS is required to back-date the adjudication of his I-485 application (in case of an

28   approval).

JOINT CASE MANAGEMENT STATEMENT
C 07-5358 JCS                                              3

**4.  Motions**

The parties will file cross-motions for summary judgment to resolve this case.

**5.  Amendment of Pleadings**

Plaintiff intends to seek leave of court to file a first amended complaint to joint the Secretary of the Department of State and the Department of State.  Plaintiff has not yet determined whether any further claim will be necessary or appropriate.

**6.  Evidence Preservation**

The parties do not have any evidence that falls within this category.

**7.  Disclosures**

The parties believe that, because this is a mandamus case seeking an order directing the defendants to complete the necessary steps to complete adjudication of an I-485 application, the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply to this case.

**8.  Discovery**

The parties do not anticipate the need for discovery.

**9.  Class Actions**

N/A

**10.  Related Cases**

The parties are not aware of any related case or cases.

**11.  Relief**

In light of the changed circumstances surrounding the USCIS's new name check policy, the plaintiff asks this Court to direct defendants to complete all the steps required by defendants to adjudicate plaintiff's I-485 application and adjudicate his I-485 application expeditiously within 30 days and backdate adjudication to 180 days from the I-485 receipt date or whatever the court deems appropriate, consistent with the new USCIS policy and applicable statutes.

**12.  Settlement and ADR**

The parties have asked this Court to be exempt from the formal ADR process.

**13.  Consent to Magistrate Judge for All Purposes**

The parties have consented to the assignment of this case to a magistrate judge.

**14. Other References**:

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties do not believe that the issues can be narrowed by agreement or by motion, and do not have suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims or defenses.

**16. Expedited Schedule**

The parties believe this case can be resolved on motion(s).

**17. Scheduling**

The parties propose the following schedule on their cross-motions for summary judgment with the Court:

Cross-Motions for Summary Judgment:        March 28, 2008

Cross-Oppositions:                                        April 11, 2008

The parties ask this Court to decide the matter on the papers, without argument.

**18. Trial**

The parties do not anticipate the need for a trial in this case.

**19. Disclosure of Non-Party Interested Entities or Persons**:

The defendants believe they are exempt from this requirement because they are federal governmental entities or federal officers.  Plaintiff is not aware of any.

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

JOINT CASE MANAGEMENT STATEMENT
C 07-5358 JCS                                          5

1    None.

2

3  Dated: February 28, 2008                                    /s/
                                                 RAMANATHAN PADMANABHAN
4                                                *Pro Se*

5

6
   Dated: February 28, 2008                                    /s/
7                                                EDWARD A. OLSEN
                                                 Assistant United States Attorney
8                                                Attorney for Defendants

9                                      **ORDER**

10        The Case Management Statement and Proposed Order are hereby adopted as the Case

11  Management Order for the case and the parties are hereby ordered to comply with this order.

12  Dated: March ___, 2008          _____
                                                 JOSEPH C. SPERO
13                                               United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28